WOOSTER *v.* HILL and others.

*(Circuit Court, D. Vermont. January 9, 1885.)*

1. EVIDENCE — WIFE AS WITNESS FOR HUSBAND — U. S. REV. ST. § 858 — REV. LAWS VT. §§ 1001, 1005.

A wife is not a competent witness for her husband, in cases where he is interested, under the statutes of the United States or of Vermont.

2. PATENTS FOR INVENTIONS—ANTICIPATION—WOOSTER CABINET CREAMERY.

Upon examination of the evidence, *held,* that Daniel B. Wooster is entitled to a patent on such part of his claims in his application for a patent as describe a cabinet creamery as an improvement upon the box creamery of Hill and Prentice, as shown in patent No. 207,738, granted to them September 3, 1878.

In Equity.

*S. C. Shurtleff,* for orator.

*W. E. Simonds,* for defendants.

WHEELER, J. This suit is brought upon the refusal of the commissioner to grant several claims of an application for a patent made by the orator, on interferences between him and the defendants Hill and Prentice, of whom the other defendant is assignee. The inventions relate to a milk-setting apparatus called a creamery. Two of the orator's claims were allowed, and the rest disallowed. The questions are solely whether the orator is entitled to a patent for the whole or any part of the inventions specified in the claims disallowed; and are purely questions of fact as to priority of invention as between him and Hill and Prentice. Considerable evidence has been produced that was not before the patent-office. The evidence on both sides shows that Hill and Prentice made and put into actual use an open box creamery standing on legs, with the lower part of the cans extending through the bottom of the box downward, and the upper part surrounded by water in the box for cooling the top of the milk in the cans. And it is a part of the case that they made an application for a patent July 13, 1878, which showed such a creamery, with the addition of a hinged lid to the box. A patent was granted on that application numbered 207,738, dated September 3, 1878. Wooster alleges that he invented a cabinet creamery closed all the way down, but having a door in front for access to the lower part of the can, which would include all the essential features of this box creamery, before the open box creamery was made; and that he made the invention known to Hill and Prentice; and that they did not invent it themselves, but acted on knowledge derived from him in respect to it. It clearly appears that Wooster had such a cabinet creamery made in November, 1878. Hill and Prentice claim that they had such a cabinet creamery made, and standing in the shop where made, in the spring of 1878.

The examiner, the examiners in chief, and the commissioner, found from the evidence before them, respectively, that the cabinet creamery was made by Hill and Prentice before Wooster invented and caused his to be made; although much suspicion and serious doubts were expressed as to that matter. The new evidence has enhanced these doubts so much that it is not now found that this cabinet creamery was made before Wooster actually had his made. There is no satisfactory explanation made as to why they should use, and apply for a patent on, the box creamery alone, when they had the cabinet creamery already made. The date of the production of his is shown by entries in books of those having no interest, in due course, establishing it beyond any fair doubt. They are not entitled to precede him with a patent upon it, except as to so much as they show priority of clearly. Their application for a patent shows priority of the box creamery on legs, clearly, over this production of the cabinet creamery by him, and shows that he is not entitled to a patent for what is shown in that, unless he has, by clear proof, placed his invention earlier.

This application shows all that was in their open box creamery that was made before. He did not make anything before, embodying the features in controversy of either, nor cause anything to be made, unless that, by imparting knowledge of the invention to them, he caused them to make what they did make. He has not shown with sufficient clearness that he did impart such knowledge to them. He has produced drawings now, showing the invention, with evidence tending to show that they were made prior to Hill and Prentice's open box creamery. But these drawings show conical bottoms to the cans, which were not invented before that creamery was made. If the drawings were made before, some features must have been added since, and there is no evidence from which to find what features have been so added; and the drawings are thereby discredited. Wooster was, during that time, making, using, and selling cans, with receptacles for water to cool the top of the milk around the upper part of the cans themselves, without any box or cabinet arrangement to hold them; and no adequate explanation is made as to why nothing was done by him about a box or cabinet, but to have drawings made, for so long a time after they are said to have been invented.

The patent-office failed to find priority for Wooster as to the box creamery. Repeated examination of the testimony, and consideration of the established facts, have failed to produce any other conclusion. As the case stands, Wooster appears to be the inventor of the cabinet creamery, as an improvement upon the box creamery as that is shown in the patent of Hill and Prentice, in addition to the two claims allowed to him, and to no more of what is involved here. This conclusion has been reached without considering or examining the testimony of the wife of the defendant Hill. He is a proper party to the suit, and was liable to be decreed to pay costs of suit, and perhaps interested otherwise at the time she testified, although he had assigned his right to the invention before. The disability of witnesses, on account of interest in the suit as a party, or otherwise, has been removed both by the statutes of the United States and those of the state. Rev. St. U. S. § 858; Rev. Laws Vt. § 1001. Neither have removed the disability arising from coverture, except in particular cases, not including this. Rev. Laws Vt. § 1005. Therefore she stands disqualified as a witness in cases where her husband is interested, as at common law. The motion to suppress her testimony is, therefore, to be granted, and her testimony has been treated as suppressed. The other motions to suppress do not appear to be well founded, and are overruled without comment.

Motion to suppress the testimony of the wife of the defendant Hill granted; other motions to suppress testimony overruled; and a decree for the orator to be entered, adjudging that he is entitled to a patent on such part of his claims as specify the cabinet creamery as an improvement upon the box creamery, as shown in the patent of Hill and Prentice, No. 207,738, without costs.